UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| |
SECURITIES AND EXCHANGE COMMISSION, |
   Plaintiff |
| |
**v.** | No. 4:21-cv-10908-TSH
| |
JAMES KENNETH COUTURE, |
   Defendant |
| |

## MOTION TO STAY CIVIL CASE/PROCEEDING

Defendant James Couture, by and through undersigned counsel, hereby respectfully moves this Honorable Court to stay the above-numbered civil complaint pending resolution of a parallel criminal indictment stemming from the same underlying conduct now pending in the District of Massachusetts. *See United States v. Couture*, 1:21-cr-10172-NMG.

As grounds, Couture avers and states that the instant civil case ("the case" or "this case") was filed on June 1[1]; he waived personal service of summons via a written and signed waiver, returned to the SEC on June 4. *See* ECF#6.  By agreement, such waiver extended Couture's time to answer the Verified Complaint against him by sixty days, through August 3.

On Friday, July 23, the parallel criminal indictment was unsealed and charges the Couture with four counts of Wire Fraud, in violation of to 18 U.S.C. §1343; four counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A; one count of Investment Advisor Fraud, in violation of 15 U.S.C. §§ 80B-6 & 80B-17; and forfeiture allegations. Couture was arraigned on these charges that same day before the Honorable Jennifer C.

---

[1] Unless otherwise noted, all dates referenced herein are to the year 2021.

1

Boal and pled not guilty. He was released on conditions[2] and the case was continued to September 16 for an initial status conference, with automatic discovery to be provided by the government within twenty-eight days. Upon further information and belief,[3] the criminal case now pending against Couture is based on the same core allegations (and statements of alleged fact) as contained in this case.[4]

Undersigned counsel was made aware that Couture had become the target of a parallel DOJ investigation in early September 2020, shortly after he accepted service (in late August) of an SEC documents-subpoena reflecting the Commission's related investigation into the same alleged conduct. He has regularly and consistently advised the SEC of Couture's intention to invoke his Fifth Amendment right to remain silent, as well as his intention to rely upon his other attendant and related rights under the Fourth and Sixth Amendments in view of him having (as was often stated by undersigned counsel in related conversations with the SEC) "been identified as a target in a directly parallel criminal investigation [then being] conducted by the DOJ." Consistent with this, Couture

---

[2] Couture's agreed-upon special conditions of release are report to U.S. Probation as required; surrender his passport (and do not apply for a new one); limit travel to the Continental United States, and not to dissipate assets without prior permission from U.S. Probation (with a "carve-out"/exclusion for payment of related legal/attorney fees). He must also observe/comply with all statutory conditions. A similar carve-out re attorney/legal fees was written into the Restraining Order issued in this case.

[3] Undersigned counsel has personal familiarity with both referenced cases/matters as Couture's counsel of record in each.

[4] Both cases allege fraudulent acts against the same alleged victims in connection with Couture's purported management of, and involvement with, certain client accounts. The alleged fraudulent scheme and many of the alleged acts in furtherance thereto are recited similarly in each case. Alleged fraud loss calculations are also similar/the same. In short, both cases are based on the same underlying alleged conduct and are indisputably parallel with one another, the exception being that civil liability attaches in one case and criminal liability in the other.

invoked all his referenced rights and declined to answer questions in a sworn deposition to which he was summonsed to appear by the SEC on November 24, 2020.[5]

Given the formal filing of federal criminal charges against him last Friday in a case where the sentencing jeopardy he faces is substantial and in which his liberty interests are at-risk, Couture is unable to answer, respond to, and/or defend against the allegations in this case without waiving and/or compromising the same rights he has steadfastly invoked. Undersigned counsel's advice to Couture continue to invoke these rights until the criminal matter is fully resolved, terminated, and/or disposed remains unwavering.

Pursuant to L.R. 7.1(a)(2), undersigned counsel hereby certifies he has conferred with counsel for the SEC in good faith to resolve or narrow the issue. Specifically, undersigned counsel discussed the instant motion with SEC Enforcement Division Senior Counsel William Donahue and Jennifer Cardello and advised them of Couture's continued intent to invoke his Fifth Amendment right in any/all proceedings in this case while the referenced criminal case remains pending. The SEC does not oppose the Motion to Stay.[6]

WHEREFORE, the counsel for the defendant respectfully requests this Honorable Court to grant his Motion to Stay.

Dated: July 30, 2021,                      Respectfully submitted,
                                           JAMES KENNETH COUTURE
                                           By and through his attorneys,

---

[5] He did the same when the Massachusetts Secretary of State's Securities Division sought to depose him relative to the same core allegations on November 10, 2020.

[6] Assistant U.S. Attorney Kriss Basil, the lead prosecutor in the defendant's criminal case but not a party in this case, has informed undersigned counsel that his office will not oppose this motion.

        /s/ *R. Bradford Bailey*
R. Bradford Bailey, BBO#549749
BRAD BAILEY LAW, P.C.
44 School Street, Suite 1000B
Boston, Massachusetts 02108
Tel.: (857) 991-1945
Fax: (857) 265-3184
dan@bradbaileylaw.com

**Certificate of Service**

     I, R. Bradford Bailey, hereby certify that on this the 30th day of July 2021, I caused a true copy of the foregoing *Motion to Stay* to be served upon all necessary parties to this matter by virtue of electronically filing the same via the CM/ECF system.

        /s/ *R. Bradford Bailey*
R. Bradford Bailey